8563

CANTY v. McCLARY-BROADWAY CO.

LIEN—ADVANCES—CHATTEL MORTGAGES.—A landlord has no lien by statute for advances on crops raised by a servant on land given him to cultivate as a part of his wages, nor has he any lien which he can assert against a chattel mortgage on the crops duly indexed of which mortgagee had no notice.

Before ERNEST GARY, J., Charleston, February, 1913. Reversed.

Action by J. M. Cantey against McClary-Broadway Co. in court of magistrate A. J. Richbourg. Defendant appeals from Circuit order reversing magistrate judgment.

*Messrs. Davis & Weinberg,* for appellant, cite: *There was no tenancy:* 15 S. C. 85; 21 S. C. 53; 24 Cyc. 877-8, 880; 40 S. C. 575. *Landlord has no lien:* 21 S. C. 51; Code 1912, 4162; 26 Stat. 178. *As to remedy:* 15 S. C. 552; 5 S. C. 283; 1 Bail. 237.

*Mr. J. J. Cantey,* contra, cites: *Landlord and tenant existed:* 54 S. C. 62; 70 S. C. 392; 88 S. C. 375; 54 S. C. 292; 76 S. C. 85. *Plaintiff had a landlord's lien:* Code 1912, 4162; 68 S. C. 145. *Statutory remedy is not exclusive:* 24 S. C. 119; 58 S. C. 102. *Notice to mortgagee not necessary:* 60 S. C. 106; 82 S. C. 196; 53 S. C. 133; 69 S. C. 351; 70 S. C. 276; Code of Proc. 131; 26 A. & E. Ann. Cas. 1215; 72 S. C. 309; 91 S. C. 125.

May 29, 1913.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The following is the agreed statement of facts:

"The plaintiff, J. M. Cantey, a landowner near Summerton, Clarendon county, State of South Carolina, at the beginning of the year 1912, employed one Harper Gibson as a farm hand, and as a part of his wages permitted him to plant about seven acres of land upon his plantation, situated in said county and State.

"That during the year 1912 the plaintiff made advances to the said Harper Gibson in the sum of ninety-seven and 71-100 dollars, and the said plaintiff has never at any time reduced to writing any lien he may have for the said advances.

"That during the month of October, 1912, the said Harper Gibson sold and delivered to the defendant, McClary-Broadway Co., two bales of cotton grown upon the land so planted by Harper Gibson during the year 1912.

"That the value of the said two bales of cotton was and is the sum of sixty-eight and 88-100 dollars; that the plaintiff claims that the defendant is unlawfully withholding said two bales of cotton, or the market value of same from said plaintiff, and has thereby damaged said plaintiff in the sum of sixty-eight and 88-100 dollars.

"That this is an action in claim and delivery for the possession of the said two bales of cotton or the value thereof, as provided under section 299 of the Code of Procedure of South Carolina.

"That the present claim of the plaintiff is for supplies the plaintiff made to the said Harper Gibson.    The plaintiff, J. M. Cantey, has never been paid for the said advances by the said Harper Gibson.

"That before the commencement of this action the plaintiff made demand on the defendant, McClary-Broad-

way Company, for the two bales of cotton in question, or the market value of the same, but the defendant had long before such demand sold the said cotton without any notice whatever of the plaintiff's alleged lien upon such crops for advances.

"That on the 17th day of February, 1912, the said Harper Gibson gave to the defendant a chattel mortgage covering all crops made on the said seven acres of land, which chattel mortgage was duly indexed in the clerk of Court's office for Clarendon county on February 27, 1912; that under the said mortgage the said Harper Gibson received advances from the defendant in the sum of sixty-eight and 20-100 dollars, which he owed the defendant at the time the cotton was received, the defendant paying the said Harper Gibson the difference between the value of the cotton and Harper Gibson's account in money."

The judgment of the magistrate in favor of the defendant was reversed in the Circuit Court, and the defendant appeals.

The use of the seven acres of land being a part of the wages paid Gibson for his labor, the plaintiff had no lien on it for rent. Even if a lien for advances had existed it could not be asserted against the defendant, McClary-Broadway Company, whose chattel mortgage was duly indexed and who paid in cash the surplus purchase money of the cotton, because it does not appear that the defendant had actual notice of any lien for advances, and section 4165 of the Civil Code of 1912 expressly provides that such a lien is good against subsequent purchasers and creditors only when indexed and recorded.

The judgment of this Court is that the judgment of the Circuit Court be reversed.

Reversed.